**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 15 |
| SILICON VALLEY BANK (CAYMAN ISLANDS BRANCH) (in Official Liquidation) | Case No. ___-_____ |
| Debtor in a Foreign Proceeding.[1] | |

---

**ORDER GRANTING (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVES, AND (III) CERTAIN RELATED RELIEF**

Upon the Verified Petition under Chapter 15 for Order Granting Recognition of a Foreign Main Proceeding and Issuing Related Relief (the "**Verified Petition**"),[2] of Michael Pearson, Andrew Childe and Niall Ledwidge, the duly appointed joint official liquidators (collectively, the "**JOLs**" or "**Foreign Representatives**") of Silicon Valley Bank (Cayman Islands Branch) (in Official Liquidation), an estate in official liquidation ("**SVB Cayman**") under the supervision of the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**"), Cause No. FSD 163 of 2023 (DDJ) (the "**Cayman Proceeding**"), pursuant to the Cayman Islands Companies Act (2023 Revision) (the "**Companies Act**") and associated regulations, including the Companies Winding Up Rules (2018) (collectively, the "**CWR**") and the Insolvency Practitioners Regulations, which Verified Petition seeks entry of an Order, pursuant to chapter 15 of the Bankruptcy Code, granting, among other things: (i) recognition of the Cayman Proceeding as a "foreign main proceeding" under section 1517(b)(1) of the

---

[1] Silicon Valley Bank is registered under Part IX of the Cayman Islands Companies Act, with registration number 193670.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Verified Petition

1

United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*, the "**Bankruptcy Code**"), or in the alternative, as a "foreign nonmain proceeding" under section 1517(b)(2) of the Bankruptcy Code; (ii) recognition of the Foreign Representatives as the "foreign representatives" of SVB Cayman, as defined in section 101(24) of the Bankruptcy Code, and SVB Cayman as the exclusive debtor of and agent for the SVB Cayman depositors; and (iii) granting other and additional relief pursuant to sections 542, 1507 and 1521(a) and (b) of the Bankruptcy Code, including authorizing the Foreign Representatives to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights and/or obligations of SVB Cayman, including, but not limited to, the books and records of SVB Cayman; and (iv) any such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Verified Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that adequate and proper notice of the Verified Petition has been given, and no other or further notice need be given; and a hearing having been held on _____, 2024 to consider the relief requested in the Verified Petition (the "**Hearing**"); and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and upon consideration of the supporting Declaration of Michael Pearson; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Verified Petition is in the best interest of SVB Cayman and all parties in interest; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to

2

Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 1501.

  C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

  D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

  E. SVB Cayman is a "trust" or "estate" and has property and property rights within this District and, therefore, SVB Cayman is eligible to be a debtor in a chapter 15 case under Bankruptcy Code sections 109 and 1501.

  F. This Foreign Representatives properly commenced this case pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

  G. The Verified Petition satisfies the requirements of 11 U.S.C. § 1515 and Rules 1007(a)(4) and 2002 of the Federal Rules of Bankruptcy Procedure.

  H. The Cayman Proceeding is a "foreign proceeding" as defined in 11 U.S.C. § 101(23)

  I. The Cayman Proceeding is pending in the Cayman Islands, where SVB Cayman's center of main interests is located, and as such, the Cayman Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1).

  J. The Cayman Proceeding is entitled to recognition by this Court under Bankruptcy Code sections 1515 and 1517(a).

K. The Foreign Representatives are persons within the meaning of Bankruptcy Code section 101(41) and are the duly appointed foreign representatives of SVB Cayman within the meaning of Bankruptcy Code section 101(24).

L. The relief granted hereby under Bankruptcy Code sections 105, 1507, 1515, 1517, 1520 and 1521 is necessary, beneficial to SVB Cayman, and appropriate to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect SVB Cayman, its assets, and the interests of its creditors and other stakeholders, and is consistent with the laws of the United States, international comity, public policy and the policies of the Bankruptcy Code.

M. SVB Cayman and the Foreign Representatives, as applicable, are entitled to all of the relief requested in the Verified Petition and granted hereby.

N. Adequate, sufficient, appropriate and timely notice of the filing of the Verified Petition and the Hearing was given, which is deemed adequate and sufficient for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court record of the Hearing, and after due deliberation and sufficient cause appearing therefor:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Verified Petition and requested relief therein is granted.

2. All objections, if any, to the Verified Petition or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the hearing, or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Cayman Proceeding is granted recognition as a foreign proceeding as defined in 11 U.S.C. § 101(23) and pursuant to 11 U.S.C. § 1517(a).

4. The Cayman Proceeding is a court-supervised proceeding governed in accordance with applicable Cayman Islands law, as it may be amended from time to time, and is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1), and is entitled to the protections of 11 U.S.C. § 1520(a).

5. The Foreign Representatives are the duly appointed and authorized representatives of SVB Cayman within the meaning of 11 U.S.C. § 101(24), are authorized to act on behalf of SVB Cayman in this chapter 15 case, and are established as the exclusive representatives of SVB Cayman, the exclusive debtor of and agent for the SVB Cayman depositors, in the United States.

6. The Foreign Representatives and their respective successors, agents, representatives, advisers, or counsel are authorized and empowered to take any and all actions necessary to carry out this Order.

7. All persons and entities (other than the Foreign Representatives and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521, or as modified herein, from:

   i. executing against the property or assets of SVB Cayman;

   ii. taking or continuing any act to obtain possession of, or exercise control over, the Foreign Representatives (with respect to SVB Cayman), SVB Cayman, or any of its property or assets;

   iii. taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Foreign Representatives (with respect to SVB Cayman), SVB Cayman, or any of its property or assets as of the date of the filing of the Verified Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to SVB Cayman or any of its property or assets; and

   iv. transferring, relinquishing or disposing of any property of SVB Cayman to any person or entity other than SVB Cayman.

8. The administration, realization, and distribution of all or part of the assets of SVB Cayman within the territorial jurisdiction of the United States is entrusted to the Foreign Representatives, and the Foreign Representatives are appointed as the exclusive representatives of SVB Cayman pursuant to sections 1521(a) and 1521(b) of the Bankruptcy Code.

9. The Foreign Representatives are hereby authorized to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of SVB Cayman.

10. No action taken by the Foreign Representatives, SVB Cayman, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of, or in connection with, the Cayman Proceeding, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

11. The Order shall be served by electronic mail to the extent email addresses are available and otherwise by United States mail, first-class postage prepaid or overnight, upon the same parties that received service of the Verified Petition and supporting papers. Such service and notice is considered good and sufficient service and adequate notice for all purposes.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order, including, but not limited to: (i) the enforcement, amendment or modification of this Order; (ii) any requests for additional relief or any adversary proceeding brought in or through this Chapter 15 Case; and (iii) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

13. This Order is without prejudice to the Foreign Representatives requesting any additional relief in the Chapter 15 Case, including seeking recognition and enforcement in the United States of any orders issued by a court in the Cayman Islands with jurisdiction over the Cayman Proceeding.

14. This Order applies to all parties in interest in the Chapter 15 case and all of their agents, employees, representatives, and all those who act in concert with them who receive notice of this Order.

15. Notwithstanding any provision of the Bankruptcy Rules or otherwise to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**IT IS SO ORDERED**.

Dated: _____, 2024

                                                  United States Bankruptcy Judge
Southern District of New York