# **EXHIBIT 17**

**Federal Deposit Insurance Corporation
as Receiver for
*Silicon Valley Bridge Bank, N.A.***

# PROOF OF CLAIM

### PRIVACY ACT STATEMENT

The FDIC is authorized to request this information from you by 12 U.S.C. §§ 1819, 1821, 1822, 12 C.F.R. Part 330, and Executive Order 9397, as amended. Your Social Security number is requested for use as a unique identifier and to differentiate between individuals with the same or similar names or initials. The purpose for collecting the information is to support the administration of claims against the failed financial institution. Furnishing the requested information, including your Social Security number, is voluntary, but failure to provide the requested information in whole or in part may delay or prohibit the processing of your claim. The information provided by individuals is protected by the Privacy Act, 5 USC 552a(a). The information may be provided to appropriate Federal, state, local or foreign agencies and law enforcement authorities; to a court, administrative tribunal, or a party in litigation; and to contractors, agents and other third parties as authorized by law and in accordance with any of the other routine uses described in the FDIC Insured Financial Institution Liquidation Records (30-64-0013) System of Records. This System of Records is available for review at www.fdic.gov/about/privacy. If you have questions or concerns about the collection or use of the information, you may contact the FDIC's Chief Privacy Officer at Privacy@fdic.gov.

NOTE: The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

Page down to access form 7200/19

FDIC 7200/19 (9-22)

Page 1 of 3

34

Fund Number: N/A

## Federal Deposit Insurance Corporation
### as Receiver for
### *Silicon Valley Bridge Bank, N.A.*
# PROOF OF CLAIM

1. SSN/Tax ID Number: N/A

2. The undersigned  Joint Official Liquidators of Silicon Valley Bank, Cayman Branch  hereby states that the subject Financial Institution, now in liquidation ("Failed Institution"), is indebted

3. to  Silicon Valley Cayman Branch Depositors  ("the Claimant") in the sum of

4. Amount of Claim: See attachment.

5. Description of Claim
See attachment.

The undersigned further states that no part of said debt has been paid, that the Claimant has given no endorsement or assignment of the same or any part thereof, and that there is no set-off or counterclaim, or other legal or equitable defense to said claim or any part thereof.

| 6. Name | 7. Title |
|---|---|
| NIALL LEDWIDGE | JOINT OFFICIAL LIQUIDATOR |

| 8. Signature | 9. Date |
|---|---|
| Niall | JULY 10TH, 2023 |

10. Firm (If applicable, complete if filing on behalf of claimant)

11. Address (Street, City, State, ZIP Code)
120 WEST 45TH STREET, NEW YORK, NY 10036

12. Telephone
+1 646 810 4332

NOTE: The penalty for knowingly making or inviting reliance on a false, forged, or counterfeit statement, document, or thing for the purpose of influencing in any way the action of the Federal Deposit Insurance Corporation is a fine of not more than $1,000,000 or imprisonment for not more than 30 years or both (18 U.S.C. Section 1007).

**ATTACHMENT TO PROOF OF CLAIM FILED BY THE JOINT OFFICIAL LIQUIDATORS OF SILICON VALLEY BANK, CAYMAN BRANCH (IN OFFICIAL LIQUIDATION) AGAINST SILICON VALLEY BRIDGE BANK, N.A., AS SUCCESSOR-IN-INTEREST TO SILICON VALLEY BANK**

Michael Pearson, Andrew Childe, and Niall Ledwidge, solely in their capacity as Joint Official Liquidators ("JOLs") of Silicon Valley Bank, Cayman Branch (In Official Liquidation) ("SVB Cayman") hereby file this proof of claim (the "Claim") in the receivership (the "Receivership") of Silicon Valley Bridge Bank, N.A. (the "Bridge Bank") as successor-in-interest to Silicon Valley Bank (the "Bank"). The Bank was closed by the California Department of Financial Protection & Innovation and, subsequently, the Federal Deposit Insurance Corporation (the "FDIC") transferred the assets and liabilities of the Bank (including those recorded in or relating to accounts held with SVB Cayman) to the Bridge Bank. Thereafter, the Bridge Bank was placed into the Receivership, and the FDIC was appointed receiver (in such capacity, the "FDIC-R"). The FDIC-R established July 10, 2023 (the "Bar Date") as the last day to file proofs of claim in the Receivership.

SVB Cayman was placed into official liquidation (the "Cayman Liquidation") on June 29, 2023 by the Grand Court of the Cayman Islands (Financial Services Division) (the "Cayman Court"), at which time the Cayman Court also duly appointed the JOLs as the joint official liquidators of SVB Cayman. A copy of the Cayman Court order appointing the JOLs and placing SVB Cayman into official liquidation is annexed hereto as Exhibit A. As of the date of the filing of this Claim, the JOLs have served as the duly-appointed liquidators of SVB Cayman for only a limited period of time, and consequently, the JOLs have not yet had an opportunity to adequately review the books and records of SVB Cayman. Therefore, the JOLs file this Claim at this time only in response to the FDIC-R's establishment of the Bar Date, and the JOLs reserve the right to amend or supplement this Claim as additional matters are discovered in the course of their investigation.

Because the FDIC-R has recognized the Cayman Deposits (defined herein) as liabilities of the Bank, the JOLs have reason to believe that the FDIC-R has a complete record of all deposits (and other assets or liabilities) of SVB Cayman, as well as the identity of the Cayman Depositors (defined herein). The JOLs are compiling a schedule of the Cayman Deposits held at SVB Cayman as of March 10, 2023, and will supplement this Claim once that schedule is substantially final. The JOLs also intend to reconcile their records with those held by the FDIC-R. Upon information and belief, as of March 10, 2023, the Cayman Depositors had no less than $5.1 billion in Cayman Deposits and corresponding assets held by SVB Cayman.

### I.   BASIS FOR AND AMOUNT OF CLAIM

As of the date of filing, the JOLs' Claim is contingent, unliquidated, and therefore unknown. Upon information and belief, the JOLs' Claim, directly and indirectly, reflects damages to the Cayman Liquidation of SVB Cayman, which arise out of the delta between (i) the aggregate percentage amount of ratable distributions (the "Cayman Depositor Distributions") made from the

Receivership to depositors of SVB Cayman (the "Cayman Depositors") on account of deposits made at SVB Cayman and subsequently transferred by the FDIC-R to the Bridge Bank on or around March 10, 2023 (collectively, the "Cayman Deposits"), and (ii) the aggregate percentage amount of ratable distributions made to depositors of the Bank (the "US Depositor Distributions") on account of deposits made at the Bank and subsequently back-stopped by the FDIC, the Board of Governors of the Federal Reserve System, and/or the United States Department of the Treasury on or around March 10, 2023 (collectively, the "Deposits Backstop"). The Cayman Liquidation of SVB Cayman is damaged to the extent that the percentage amount of Cayman Depositor Distributions, individually or in the aggregate, are less than the percentage amount, individually or in the aggregate, of US Depositor Distributions.

The JOLs file this Claim as a protective measure given the uncertainty of, and reserve the right to later challenge, all of the following: (1) the treatment of the Cayman Deposits, (2) the availability of setoff rights of Cayman Depositors against First-Citizens,[1] (3) the appropriateness, thoroughness, and timeliness of notice given by the FDIC-R to the Cayman Depositors, many of whom, upon information and belief, are not citizens of the United States and may have not have received effective notice or readily comprehend the import of the Bar Date or, indeed, the Receivership, (4) whether all Cayman Depositors will timely file claims or whether the FDIC-R will disallow any claims asserted by the Cayman Depositors; and (5) the amount of liabilities of the Cayman Liquidation, which is directly related to the claims resolution process in the Receivership.

This Claim includes all amounts owed in respect of the Cayman Deposits and, for the avoidance of doubt, is further intended to cover all Cayman Deposits for which a Cayman Depositor fails to timely file a proof of claim on or before the Bar Date. This Claim is not intended to be prejudicial toward any separately filed and legally sufficient proof of claim timely filed by any Cayman Depositor to the extent that proof of claim accurately reflects such Cayman Depositor's Cayman Deposits. Because SVB Cayman has only recently been placed into the Cayman Liquidation, and because the JOLs have only recently been appointed, the JOLs assert multiple claims and/or theories of damages and reserve the right to later assert other claims and/or damages in this Claim. To the extent that any individual claim or theory of damages articulated in this Claim shall be invalid, then such individual claim or theory of damages alone shall be deemed invalid, and the remainder of this Claim (including alternative claims, potential claims, and/or theories of damages) shall remain operative and in full force and effect.

## II.   ADDITIONAL CLAIMS

At this time, the JOLs further assert the following additional claims to the extent that any such claims exist and are assertable against the FDIC-R, the Receivership, the Bank, the Bridge Bank, First-Citizens, the United States government (including any division or agency thereof), the State of California (including any division, agency, or municipality thereof), or any agent, affiliate,

---

[1] Upon information and belief, on March 26, 2023, Bridge Bank purported to sell certain assets of SVB Cayman to First-Citizens Bank & Trust Company ("First-Citizens"), but none of the deposit liabilities of the Cayman Depositors.

predecessor or successor of the foregoing, including: (1) rights that vest in the JOLs upon their appointment as joint official liquidators of SVB Cayman (including access to books, records, and account information relating to SVB Cayman, the Cayman Depositors, or the Cayman Deposits); (2) the interest, losses, fees, costs, taxes, and charges, which, where applicable, have accrued as of March 10, 2023, and which continue to accrue; (3) professional fees and other administrative costs of the JOLs that have been incurred in connection with their appointments relating to the Cayman Liquidation, and which costs continue to be incurred; (4) claims for any and all expenses for the costs of the administration of the Cayman Liquidation in amounts not fully ascertainable but to be later provided by amendments; (5) claims arising out of non-performance and/or breaches of the agreements and documents referenced in herein; (6) any claims that the JOLs may have on account of the removal of assets from SVB Cayman or accounts in the name of the Cayman Depositors opened with SVB Cayman; (7) any claims that the JOLs on behalf of SVB Cayman may have on account of treatment of the Cayman Depositors in the Receivership, including, without limitation, the treatment of offshore deposits of a U.S. domestic bank by the United States government; (8) claims arising out of fraud, negligence, intentional misconduct or any other action, including any actions that have or had the effect of purporting to strip Cayman Depositors of any setoff rights they may have or had, including arising from the transfer of assets to First-Citizens; (9) any other rights of setoff or recoupment; (10) rights to reimbursement or indemnification for any loss, liability, damage, expense, or cost; (11) rights to estimate contingent claims; or (12) claims that may be presently in amounts not fully ascertainable but to be later provided if such claims are estimated and/or liquidated.

### III.   NO SETOFF

Except as set forth herein, to the best of JOLs' knowledge, the Claim is not subject to any valid setoff or counterclaim by the Bank, the FDIC-R, Bridge Bank, or First-Citizens; *provided, however*, that any setoff or recoupment rights that the JOLs may possess are expressly reserved and are not waived. Furthermore, all procedural and substantive defenses and rights with respect to any claim that may be asserted against the JOLs by the Bank, FDIC-R, Bridge Bank, or First-Citizens or any other party-in-interest in the Receivership or otherwise, or by any other person or entity whatsoever, are specifically preserved.

### IV.   NO WAIVER

Filing this Claim is not and should not be construed to be: (i) a waiver or release of the JOLs' rights against any other entity or person liable for all or part of the Claim, including, without limitation, the FDIC, the FDIC-R, the Bridge Bank, or First-Citizens; (ii) a waiver of the right in any court in the United States or Cayman Islands regarding (a) the subject matter of this Claim, (b) any objection or other proceeding commenced with respect thereto, or (c) any other proceeding commenced in the Receivership against or otherwise involving the JOLs;[2] (iii) a consent by the

---

[2] For instance and without limitation of any kind, the JOLs do not waive any claims, procedural actions, or jurisdictional matters arising from: the legal separateness of SVB Cayman under applicable law; the roles and actions of the Cayman government; the contractual relationships by and among the Bank, Bridge Bank, SVB Cayman, and the Cayman Depositors (including but not limited to choice of law and forum selection provisions, or

3

JOLs to the jurisdiction of any court with respect to any proceeding commenced in this Receivership against or otherwise involving the JOLs; (iv) a waiver of any right to the subordination, in favor of the JOLs, of indebtedness or liens held by any depositors or creditors of the Bridge Bank or the Bank; or (v) an election of a remedy that waives or otherwise affects any other remedy of the JOLs.

## V.  RESERVATION OF RIGHTS

This Claim is filed with full reservation of rights, including the right to assert additional, supplementary, and/or amended proofs of claims based on events, information, and/or documents that later come to the attention of the JOLs. Although the JOLs have made every effort to identify all claims that the JOLs and the Cayman Depositors may have against the Bank, the JOLs reserve the right to amend, modify, or supplement this Claim at any time, including but not limited to correcting the dollar amount.

Any questions should be directed to United States counsel for the JOLs, using the following contact information:

William S. Sugden
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
will.sugden@alston.com

Matthew K. Kelsey
J. Eric Wise
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
matthew.kelsey@alston.com
eric.wise@alston.com

Gidon M. Caine
Alston & Bird LLP
755 Page Mill Road
Building C – Suite 200
Palo Alto, California 94304
gidon.caine@alston.com

---

the Master Services Agreement among SVB Cayman and the Bank); the FDIC's interpretation of federal law in the administration of the Receivership; or any other such matters.

# EXHIBIT A

40



IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD No.163 of 2023 (DDJ)

IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)

AND IN THE MATTER OF SILICON VALLEY BANK (CAYMAN ISLANDS BRANCH)

### WINDING-UP ORDER

**UPON** the Petition of (i) Sasuga Ventures Limited of 4th Floor, William Towers Warrens, St. Michael, Barbados (ii) Treasure Stream Holdings Limited of Vistra Corporate Services Centre, Wickhams Cay 11, Road Town, Tortola, VG-1110, British Virgin Islands; and (iii) SVB Claims Limited of 4th Floor, Willow House, Cricket Square, George Town, Cayman Islands (together, the "**Petitioners**") dated 13 June 2023 in respect of Silicon Valley Bank, a foreign company registered under Part IX of the Companies Act (2023 Revision) with registration number 193670 (the "**Company**")

**AND UPON** reading the: (a) First Affidavit of Jane Hale dated 13 June 2023 including Exhibit JH-1; (b) Affirmations filed on behalf of each the Petitioners including each Exhibit to those Affirmations; (c) First Affirmation of Andrew Childe dated 6 June 2023; (d) First Affirmation of Michael Pearson dated 6 June 2023; (e) First Affirmation of Niall Ledwidge dated 8 June 2023; (f) Second Affidavit of Jane Maree Hale dated 21 June 2023 (g) the letters dated 27 June 2023 and 28 June 2023 from Dentons to Campbells LLP

1

This Order is filed by Campbells LLP Attorneys-at-Law for and on behalf of the Petitioners whose address for service is Floor 4, Willow House, Cricket Square, PO Box 884 George Town, Grand Cayman KY1-1103 (PDK--------------)

(h) the letter dated 27 June 2023 from Dentons to the General Registry of the Cayman Islands and its enclosures;(i) the First Affidavit of Matheo Vinciullo dated 27 June 2023and (j) the various Affidavits of Service filed on behalf of the Petitioners

**AND UPON** hearing Paul Kennedy of Campbells LLP for the Petitioners

**AND UPON** the Company not appearing but the Court noting letters dated 27 and 28 June 2023 from Dentons to Campbells LLP and dated 27 June 2023 from Dentons to the General Registry Department and the Court noting that Dentons act for the Federal Deposit Insurance Corporation

**IT IS ORDERED THAT:**

1. The Company be wound up by the Court under the provisions of the Companies Act (2023 Revision).

2. Andrew Childe and Michael Pearson of 2nd Floor Harbour Centre, 42 North Church Street, George Town, Cayman Islands and Niall Ledwidge of 120 West 45th Street, Suite 2900, New York, NY 10036 be appointed as Joint Official Liquidators ("**JOLs**") of the Company but their powers shall be limited to acting in respect of the assets and affairs of the Cayman Islands branch of the Company and its creditors.

3. The JOLs shall not be required to give security for their appointment.

4. The JOLs have the power to act jointly and severally in their capacity as liquidators of the Company.

5. The JOLs be at liberty to appoint such counsel, attorneys, professional advisors whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties in accordance with Order 25 of the Companies Winding Up Rules (2023 Consolidation).

6. No disposition of the property of the Company by or with the authority of the JOLs in carrying out their duties and functions and the exercise of their power under any Order granted pursuant to this petition shall be voided by virtue of Section 99 of the Companies Act.

7. Subject to Section 109(2) of the Companies Act and the Insolvency Practitioners Rules, the JOLs be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

2

This Order is filed by Campbells LLP Attorneys-at-Law for and on behalf of the Petitioners whose address for service is Floor 4, Willow House, Cricket Square, PO Box 884 George Town, Grand Cayman KY1-1103 (PDK--------------)

8.  The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company as an expense of the liquidation.

9.  The JOLs be at liberty to apply generally.

10. The Petitioners' costs of and incidental to the Petition shall be paid forthwith out of the assets of the Company as an expense of the liquidation.

DATED this 29th day of June 2023

FILED this 30th day of June 2023

*David Doyle*

_____
THE HONOURABLE JUSTICE DAVID DOYLE
JUDGE OF THE GRAND COURT

3

This Order is filed by Campbells LLP Attorneys-at-Law for and on behalf of the Petitioners whose address for service is Floor 4, Willow House, Cricket Square, PO Box 884 George Town, Grand Cayman KY1-1103 (PDK------------)