**Exhibit B**

**(Proposed Order for Provisional Relief)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 15 |
| SILICON VALLEY BANK (CAYMAN ISLANDS BRANCH) (in Official Liquidation) | Case No. ___ --_____ |
| Debtor in a Foreign Proceeding.[1] | |

---

**ORDER GRANTING APPLICATION FOR PROVISIONAL RELIEF**
**PURSUANT TO 11 U.S.C. §§ 105(A), 1519, AND 1521**

Upon consideration of the Application For Provisional Relief Pursuant to Sections 105(a) and 1519(a) and 1521 of the Bankruptcy Code (the "**Application**")[2] filed by Andrew Childe, Niall Ledwidge and Michael Pearson, the duly appointed joint official liquidators ("**JOLs**" or "**Foreign Representatives**") of Silicon Valley Bank (Cayman Islands Branch) (in Official Liquidation), an estate in official liquidation ("**SVB Cayman**") under the supervision of the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**"), Cause No. FSD 163 of 2023 (DDJ) (the "**Cayman Proceeding**"), pursuant to the Cayman Islands Companies Act (2023 Revision) (the "**Companies Act**") and associated regulations, including the Companies Winding Up Rules (2018) (collectively, the "**CWR**") and the Insolvency Practitioners Regulations, and the support documents thereto; due notice having been provided given the circumstances and all objections and responses having been withdrawn, overruled or resolved; the Court finds and concludes as follows:

---

[1] Silicon Valley Bank (Cayman Islands Branch) (in Official Liquidation) is registered under Part IX of the Cayman Islands Companies Act, with registration number 193670.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

A. This Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410;

D. This Court has the authority to grant the provisional relief requested by the Application (the "**Provisional Relief**") under 11 U.S.C. §§ 105(a) 1519 and 1521.

E. There is a substantial likelihood that the Foreign Representatives will successfully demonstrate that the Cayman Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the other prerequisites to recognition of the foreign proceeding will be established. Accordingly, the Foreign Representatives have shown a substantial likelihood of success that recognition will be granted.

F. Without the immediate discovery relief requested in the Application, SVB Cayman will be faced with the prospect of a significant disruption to the Cayman Proceeding.

G. There is accordingly a material risk of irreparable harm if the provisional relief set forth in this Order is not granted. The relief set forth herein will not prejudice any other parties, and the balance of hardships favors the granting of such relief. The public interest also favors the granting of the relief set forth in this Order.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED:**

1. The findings and conclusions set forth in this Order constitute the Court's findings of fact and conclusions of law under Rule 7052 of the Bankruptcy Rules, made applicable to this

proceeding under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of the law, they are adopted as such; to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The period beginning with the entry of this Order and continuing until such time as this Court has entered an Order with respect to the Foreign Representatives' request for the recognition of the Cayman Proceeding as a "foreign main proceeding" and the Petitioners as "foreign representatives" is referred to herein as the "Interim Period".

3. During the Interim Period, under sections 1519(a)(3) and 1521(a)(4) of the Bankruptcy Code, the Foreign Representatives are hereby authorized to issue subpoenas for written and document discovery, as well as testimony evidence, upon the Federal Deposit Insurance Corporation in its corporate capacity ("**FDIC-C**"), and the Federal Deposit Insurance Corporation, in its capacity as receiver for Silicon Valley Bank, Santa Clara and Silicon Valley Bridge Bank, N.A. ("**FDIC-R**") concerning the assets, affairs, rights, obligations or liabilities of SVB Cayman.

4. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective immediately and enforceable upon its entry.

5. The Foreign Representatives and their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

6. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

4

Dated: January __, 2024
     New York, New York

                                                                              _____
                                                                              United States Bankruptcy Judge
                                                                              Southern District of New York