Warren E. Gluck, Esq.
John J. Monaghan, Esq. (*pro hac vice* forthcoming)
Paul M. Aguggia, Esq. (*pro hac vice* forthcoming)
Marie E. Larsen, Esq. (*pro hac vice* forthcoming)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone:  212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
John.Monaghan@hklaw.com
Paul.Aguggia@hklaw.com
Marie.Larsen@hklaw.com

*Counsel for the Joint Official Liquidators
of Silicon Valley Bank (Cayman Islands Branch)
(in Official Liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 15 |
| | Case No. ___-_____ |
| SILICON VALLEY BANK (CAYMAN ISLANDS BRANCH) (in Official Liquidation) | |
| Debtor in a Foreign Proceeding.[1] | |

---

**MOTION OF THE JOINT OFFICIAL LIQUIDATORS FOR ENTRY OF ORDER (A) SCHEDULING HEARING ON CHAPTER 15 PETITION AND RECOGNITION AND (B) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Andrew Childe, Niall Ledwidge, and Michael Pearson, in their capacity as the duly appointed joint official liquidators (together, the "**JOLs**" or "**Foreign Representatives**") of Silicon Valley Bank (Cayman Islands Branch) (in Official Liquidation), an estate in official

---

[1] Silicon Valley Bank is registered under Part IX of the Cayman Islands Companies Act, with registration number 193670.

liquidation ("**SVB Cayman**" or the "**Debtor**") under the supervision of the Grand Court of the Cayman Islands, Financial Services Division, Cause No. FSD 163 of 2023 (DDJ) (the "**Cayman Proceeding**"), pursuant to the Cayman Islands Companies Act (2023 Revision) (the "**Companies Act**") and associated regulations, including the Companies Winding Up Rules (2018), and the Insolvency Practitioners Regulations, by their undersigned United States counsel, Holland & Knight LLP, respectfully submit this motion (the "**Motion**") in accordance with sections 105(a), 1504, and 1515 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In this Motion, the Foreign Representatives respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) scheduling a hearing to consider recognition of the Cayman Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code (the "**Recognition Hearing**"); (ii) setting the date by which all responses and objections to Official Form B 401 Chapter 15 Petition for Recognition of a Foreign Main Proceeding and the *Verified Petition Under Chapter 15 for Order Granting Recognition of a Foreign Insolvency Proceeding and Issuing Related Relief and Incorporated Memorandum of Law* (the "**Verified Petition**")[2] must be filed (the "**Objection Deadline**"); and (iii) approving the form of notice of the Recognition Hearing substantially in the form attached to the Proposed Order as Exhibit 1 (the "**Recognition Hearing Notice**") and the manner of service described herein. In support of the Motion, the Foreign Representatives respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of title 11 of the Bankruptcy Code.

---

[2] Capitalized terms used but not defined in the Motion have the meanings given to them in the Verified Petition.

2

2. The Foreign Representatives have properly commenced this case under sections 1504 and 1515 of the Bankruptcy Code. This Verified Petition is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1410.

4. The statutory predicates for the relief requested herein are sections 105(a) and 1515 of the Bankruptcy Code, and Rules 2002, 9007 and 9008 of the Bankruptcy Rules, and Local Rule 2002-4 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## INTRODUCTION

5. On behalf of SVB Cayman, the Foreign Representatives filed the Verified Petition under chapter 15 of the Bankruptcy Code. The Verified Petition is accompanied by all certifications, statements, lists and documents in support of the petition and required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of Bankruptcy Rules. The Verified Petition requests, *inter alia*: (i) recognition of the Cayman Proceeding as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code, or in the alternative, as a foreign nonmain proceeding pursuant to section 1517(b)(2) of the Bankruptcy Code; (ii) recognition of the Foreign Representatives as foreign representatives of SVB Cayman, as defined in section 101(24) of the Bankruptcy Code; and (iii) related relief under sections 1519, 1520 and 1521.

6. As explained in more detail in the Verified Petition, the Foreign Representatives request from this Court aid and assistance with respect to the Cayman Proceeding to ensure that the Cayman Proceeding continues in a fair, efficient, uninterrupted, and centralized manner with the goal of maximizing the value of SVB Cayman's assets and claims for the benefit of all stakeholders. In particular, the discovery requested by the Foreign Representatives will enable

them to, among other things, continue a comprehensive and complete investigation of SVB Cayman's assets and affairs in order to file necessary claims against the Federal Deposit Insurance Corporation, in its corporate capacity ("**FDIC-C**") and the Federal Deposit Insurance Corporation in its capacity as receiver of Silicon Valley Bank, Santa Clara and Silicon Valley Bridge Bank, N.A. ("**FDIC-R**") (collectively with FDIC-C, "**FDIC**"), as well as to optimally advise all interested parties, including SVB Cayman's creditors and Liquidation Committee.

## FACTUAL BACKGROUND

7.      This Motion is brought in connection with the chapter 15 pleadings (the "**Chapter 15 Pleadings**"), filed on January 18, 2024 (the "**Petition Date**"), which are incorporated into this Motion by reference: (i) the Verified Petition; (ii) the Short Form Petition; (iii) Proposed Recognition Order; and (iv) January 18, 2024 Declaration of Michael Pearson.

8.      For background information regarding SVB Cayman's business, the Cayman Proceeding, and the facts and circumstances warranting the filing of the Verified Petition, the Foreign Representatives respectfully direct the Court to the Verified Petition.

## RELIEF REQUESTED

9.      Through this Motion, the Foreign Representatives seek entry of a Proposed Order, substantially in the form attached as **Exhibit A**: (i) scheduling the Recognition Hearing; (ii) setting an Objection Deadline; (iii) approving the form of Recognition Hearing Notice and associated manner of service; and (iv) granting any such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

**I.      The Proposed Hearing Notice and Procedures Comply with the
         Bankruptcy Code and Bankruptcy Rules**

10.     Pursuant to section 1517(a) of the Bankruptcy Code, "[a] court may enter an order recognizing a foreign proceeding "after notice and a hearing." 11 U.S.C. § 1517(a).

4

11. Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). However, Bankruptcy Rule 2002(q) does not specify any further form and manner in which notice must be given.

12. Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given, unless otherwise specified in the Bankruptcy Rules. Fed. R. Bankr. P. 2002(m) and 9007.

13. The Foreign Representatives respectfully request that the Court approve the Recognition Hearing Notice. The Recognition Hearing Notice is sufficient because it will: (i) notify the Notice Parties (as defined below) of the filing of the Chapter 15 Pleadings; (ii) include copies of the Verified Petition; (iii) set forth the Objection Deadline and the date and time of the Recognition Hearing.

14. In accordance with section 1514(c) of the Bankruptcy Code and Bankruptcy Rule 2002(q), the Foreign Representatives propose to serve the Recognition Hearing Notice and the Chapter 15 Pleadings (collectively, the "**Notice Documents**") by email, where practicable, and by domestic mail, first-class postage pre-paid, where email service is impracticable, within three (3) business days of the entry of the Proposed Order, upon the following parties and their counsel, if known (collectively, the "**Notice Parties**"): (i) the Office of the United States Trustee for Regions 2 and 17; (ii) the Federal Deposit Insurance Corporation in its corporate capacity ("**FDIC-C**");

5

(iii) the Federal Deposit Insurance Corporation, in its capacity as receiver for Silicon Valley Bank, Santa Clara and Silicon Valley Bridge Bank, N.A. ("**FDIC-R**"); (iv) all other parties that request notice in this chapter 15 case as of the Court's entry of the Proposed Order; and (v) all other parties that this Court may direct.

15. The Foreign Representatives submit that the form and manner of service of notice requested herein for the Notice Parties constitutes sufficient notice of the commencement of the chapter 15 case and the relief sought in the Verified Petition. Accordingly, the Foreign Representatives respectfully request that the Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1) and 9007.

16. The Foreign Representatives respectfully request that if any party files a notice of appearance in this case after the initial service of the Recognition Hearing Notice, the Foreign Representatives shall serve the Notice Documents and subsequent notices upon such party within ten (10) days of the filing of such notice of appearance, provided such documents have not already been served on such party (or its counsel).

**II.    Objections or Responses to the Chapter 15 Pleadings**

17. The Foreign Representatives further request that the Court require all responses, answers, or objections to the Chapter 15 Petition (the "**Responses**") to be made in accordance with the Bankruptcy Code, the Bankruptcy Rules, including, without limitation, Rule 1011 of the Bankruptcy Rules, the Local Rules, and the Court's *Electronic Case Filing Procedures* (as described in Local Rule 5005-2), and to be filed electronically and in writing, describing the legal and factual bases therefor, and served upon counsel via email for the Foreign Representatives, c/o Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019, Attn: Warren E. Gluck, Esq., so as to be received on or before ten (10) days prior to the Recognition Hearing.

### III.     Waiver of Bankruptcy Code Section 1514(c) Requirements

18.     Section 1514(c) of the Bankruptcy Code states that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . " 11 U.S.C. § 1514(c). The Foreign Representatives respectfully request that such requirements presently be waived in this matter because the Foreign Representatives do not intend to conduct a claim process in this chapter 15 case, as the claims process was established in the Cayman Proceeding.

19.     Bankruptcy Courts routinely grant requests for similar relief under section 1514(c) in other chapter 15 cases. *See, e.g., In re RongXingDa Dev. (BVI) Ltd.*, No. 22-10175 (DSJ) (Bank. S.D.N.Y. Feb. 14, 2022) [ECF No. 7]; *In re Luckin Coffee Inc.*, Case No 21-10228 (MG) (Bankr. S.D.N.Y. Feb. 8, 2021) [ECF No. 10]; *In re Nordic Aviation Cap. Designated Activity Co.*, Case No. 20-11410 (MEW) (Bankr. S.D.N.Y. Jun. 18, 2020) [ECF No. 10]; *In re Thomas Cook Grp. PLC*, Case No. 19-12984 (MG) (Bankr. S.D.N.Y. Sept. 17, 2019) [ECF No. 13].

**WHEREFORE**, the Foreign Representatives respectfully request that the Court: (i) grant the Motion and enter the Proposed Order, scheduling the Recognition Hearing and approving the form and manner of service of the Recognition Hearing Notice: (ii) waive the requirements of section 1514(c) of the Bankruptcy Code; and (iii) grant such other and further relief as is just and proper.

Dated: January 18, 2024
      New York, New York        HOLLAND & KNIGHT LLP

/s/ *Warren E. Gluck*    .
Warren E. Gluck, Esq.
John J. Monaghan, Esq. (*pro hac vice* forthcoming)
Paul M. Aguggia, Esq. (*pro hac vice* forthcoming)
Marie E. Larsen, Esq.
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone: 212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
John.Monaghan@hklaw.com
Paul.Aguggia@hklaw.com
Marie.Larsen@hklaw.com

*Counsel for the Joint Official Liquidators of Silicon Valley Bank (Cayman Islands Branch) (in Official Liquidation)*